UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM J. BRYAN | CIVIL ACTION |
| VERSUS | NO. 08-3928 |
| WOOD ENTERPRISES, ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment based on judicial estoppel filed by the defendants, Tom Wood Enterprises, L.L.C., Thomas G. Wood, Inc., Tom Wood, Inc., TGW, Inc. and Thomas G. Wood. Having considered the record, the memoranda of counsel and the law, the Court has determined that judicial estoppel is inappropriate for the following reasons.

The plaintiff filed this lawsuit against his former employer alleging discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq* ("ADEA"). It is undisputed that the plaintiff was terminated from that employment in January 2007, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in August 2007, filed for bankruptcy protection under Chapter 7 in March 2008, received his right to sue notice from the EEOC in April 2008, was discharged from bankruptcy in June 2008, and filed this suit *pro se* in July 2008.[1] It is also undisputed that the plaintiff did not list the pending charge with the EEOC as an asset on his Schedule of Assets when filing

---

[1] The plaintiff has been represented since March 2009.

for bankruptcy, that in November 2009, his Schedule of Assets was amended to include the claim presented in this suit and that the bankruptcy proceedings were reopened, before the Trustee was substituted as plaintiff herein in December 2009.

The defendants' motion was filed prior to the amendment of the Schedule of Assets, the reopening of the bankruptcy proceedings and the substitution of the Trustee. These circumstances are critical to their claim for judicial estoppel, as most recently articulated by the Fifth Circuit in *Kane v. National Union Fire Insurance Co.*, 535 F.3d 380 (5th Cir. 2008). The defendants acknowledge the relevance of the change in supplemental memorandum, and ask that Bryan be barred from personally receiving any assets that may be abandoned by the Trustee after the listed creditors are satisfied. This argument is largely based on *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1273 (11th Cir. 2004). Undermining their argument, however, is the Fifth Circuit in *Kane*, which reversed a trial court's determination that judicial estoppel applied in a reopened case in which the previously omitted claim has been included in an amended Schedule of Assets and administered in bankruptcy, stating that the debtors "stand to benefit only in the event that there is a surplus after all debts and fees have been paid." *Kane*, 535 F.3d at 388.

The Court appreciates the defendants' interpretation of cases distinguished by the Fifth Circuit in *Kane*. However, this Court finds that the Fifth Circuit did implicitly find that the debtor could be entitled to a surplus under the circumstances presented here. Even if it did not feel compelled to following the reasoning of *Kane*, however, the Court

2

would find that the equities favor the plaintiff, who filed this lawsuit *pro se*. As quoted by the Fifth Circuit in *Kane*:

> It is not serendipitous that the Bankruptcy Code has an explicit provision that prevents the loss of assets that a debtor fails to disclose in Bankruptcy Schedules. It happens al the time, especially with claims. And when it does, cases are routinely reopened, in accordance with the statute, to administer those assets.

*Kane*, 535 F.3d at 385, *quoting In re Miller,* 347 B.R. 48, 53 (Bankr. S.D.Tex. 2006)(citations omitted).[2]

Accordingly,

IT IS ORDERED that the motion for summary judgment based on judicial estoppel filed by the defendants, Tom Wood Enterprises, L.L.C., Thomas G. Wood, Inc., Tom Wood, Inc., TGW, Inc. and Thomas G. Wood is DENIED. (Rec. Doc. 45).

New Orleans, Louisiana, this 2nd day of March, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the defendants ask that the debtor be removed as a party plaintiff herein. It is the Court's understanding that a substitution automatically produced that effect, and that the debtor's entitlement to any surplus would arise only after the surplus has been abandoned by the Trustee. This opinion only addresses the issue of judicial estoppel.